# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOSEPH BECKER, ET AL.**               **CIVIL ACTION No. 09-226-JJB-DLD**

**VERSUS**

**JASON GREEN, ET AL.**

### - CONSOLIDATED WITH-

**MILFORD WAMPOLD, III, ET AL.**        **CIVIL ACTION NO. 09-323-JJB-DLD**

**VERSUS**

**PERSHING, INC., ET AL.**

### -CONSOLIDATED WITH-

**RODNEY STARKEY, ET AL.**              **CIVIL ACTION NO. 09-365-JJB-DLD**

**VERSUS**

**KENDALL FORBES, ET AL.**

## MAGISTRATE JUDGE'S REPORT

The three above-captioned consolidated actions involve claims for damages arising out of the collapse of Stanford Group Company (SGC), Stanford Investment Bank, Ltd. (SIB), and Stanford Capital Management (SCM).[1]   Each of the three cases originally were filed in state court and later removed to this court based on defendants' allegations of federal question jurisdiction, 28 U.S.C. §1331, and each case now has pending motions to remand.   The instant matter comes before the court on referral from the district court of plaintiffs' motion to remand filed in *Milford Wampold, III, et al. v. Pershing, L.L.C., et al., 09-323-JJB-DLD* (CA 09-323, rec. doc. 17) and is opposed  (09-266, rec. doc. 24).[2]

---

[1] Stanford Group Company, Stanford Investment Bank, Ltd., and Stanford Capital Management will be referred to collectively as the "Stanford entities."

[2] Because 09-323-JJB-DLD has been consolidated with 09-266-JJB-DLD, record documents are cited from both actions.

## Background

Plaintiffs are various individuals who purchased investment products, specifically SIB CDs, sold to them by the individual broker defendants (CA 09-323, rec. doc. 17-4). According to their petition, plaintiffs[3] purchased and/or renewed certificates of deposit (CD) from SIB based on investment advice from and representations by defendants, who were affiliated and registered with SGC. Id.[4] Since 2006, defendant Pershing, L.L.C. (Pershing) operated as SGC's clearing broker partner and served as the intermediary for transactions between SGC and SIB. Pershing provided various services to the Stanford Group entities, including maintaining the books and records, executing transactions, paying for SIB CDs that had been purchased, and delivering SIB CDs that were sold. Id. Pershing was also responsible for making assessments of whether to accept an order for processing, whether to execute a transaction on customer accounts, and whether SGC was in compliance with its net capital requirements. Id.

In late 2007 and early 2008, SIB began experiencing liquidity problems, but defendants, who were allegedly aware of the liquidity problems, continued to solicit plaintiffs to purchase and renew SIB CDs. The Stanford Group entities ultimately collapsed, and on February 17, 2009, a receiver (Ralph Janvey) was appointed by the court in *S.E.C. v. Stanford International Bank, Ltd., et al.,* 09-298, *N. D. Tex.* (Receivership Litigation) in order

---

[3] The plaintiffs in CA 09-323 are Milford Wampold, III, Wampold & Co., Inc., Wampold Companies, Milford Wampold Support Foundation, Kenneth Bird, Teresa Lamke, Antonio Carrillo, Maria Carrillo, and Herman Thibodeaux (CA 09-323, rec. doc. 17-4).

[4] The defendants in CA 09-323 are Pershing, L.L.C., Certain Underwriters at Lloyd's of London in Syndicates 2987, 2488, 1866, 1084, 1274, 4000 & 1183, Jason Green, John Schwab, Ronald Clayton, Hope Bellelo, Charles Jantzi, Tiffany Angelle, ABC Insurance Company, and XYZ Insurance Company (CA 09-323, rec. doc. 17-4).

to prevent the waste and dissipation of the assets of defendants[5] to the detriment of the investors (CA 09-298-N, rec. doc. 10).

The order appointing the Receiver in the Receivership Litigation enjoins creditors and others from commencing suit, except in the Northern District of Texas (Receivership Court), "against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising out of the subject matter of [the Receivership Litigation]." Id. The order also restrains and enjoins creditors and others from taking possession, enforcing a lien, collecting or recovering on a claim, or setting off debts against the Receivership Estate Assets. Id. The Receiver soon brought a separate suit against numerous Stanford financial advisors in *Janvey v. Alguire, et al.,* 09-724-N (N.D. Tex), seeking to recover money paid to them by the Stanford Group entities. Several of the defendants in this action are also named as defendants in the Receiver's suit.[6]

Plaintiffs filed suit against defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana on April 24, 2009, alleging that despite numerous representations and assurances by the defendant brokers that the SIB CDs were safe, liquid, and well-managed, the SIB CDs they purchased/renewed were actually highly speculative, illiquid debt instruments (CA 09-323, rec. doc. 17-4). Plaintiffs further allege that the individual broker defendants were "lured by lucrative commissions" into ignoring "red flags" and failing to perform the necessary due diligence in verifying information provided to them by the SGC entities, all in violation of their fiduciary duty to the plaintiffs.

---

[5] The defendants in the Receivership Litigation are Stanford International Bank, LTD., Stanford Group Company, Stanford Capital Management, L.L.C., R. Allen Stanford, James M. Davis, and Laura Pendergest-Holt.

[6] The Receiver named numerous financial advisors, including John Schwab, Ronald Clayton, Charles Jantzi, and Tiffany Angelle, who are also named in this action. (CA 09-323, rec. doc. 17-4).

Id.  Plaintiffs allege that SIB was not operating as a bank, but as the private bank account for Allen Stanford.  Id.  Plaintiffs further allege that Pershing was aware that the return on the SIB CDs was not as represented to the plaintiffs and that plaintiffs were being "duped" into buying SIB CDs based on misrepresentations, but Pershing failed to warn the plaintiffs or cease doing business with SGC. Id.  Plaintiffs allege that Pershing furthered SGC's fraudulent scheme and put its customers at risk.

Plaintiffs claim that they suffered damages as a result of defendants' negligence, breach of contract, negligent representation, breach of fiduciary duty, violations of Louisiana Securities Act, violations of Louisiana Racketeering Act, and civil conspiracy (CA 09-323, rec. doc. 17-4).  Plaintiffs seek damages[7] and coverage for their damages under defendants' various insurance policies. Id.  Plaintiffs also seek to enjoin Pershing from defendants from transferring or encumbering any of their assets and from destroying information in its computer system related to this matter.

Defendant Jason Green removed this matter on May 29, 2009, alleging federal question jurisdiction (CA 09-323, rec. doc. 1).[8]  Defendant Green also filed a motion to transfer this case to the Northern District of Texas (CA 09-323, rec. doc. 8), where the Receivership Litigation is pending. Plaintiffs filed a motion to remand, which is now before the court for a report and recommendation.

---

[7] Plaintiffs seek damages, attorneys' fees, pre and post judgment interest, and court costs.(CA 09-323, rec. doc. 17-4).

[8] Defendant Green represents that all served defendants consented to the removal (CA 09-323, rec. doc. 1).

**Arguments of the Parties**

Plaintiffs argue that this action should be remanded to state court because defendants cannot prove their burden of establishing federal question jurisdiction. Plaintiffs contend that the petition raises only state law claims and does not allege a federal cause of action nor require the application of federal law due to complete preemption or congressional mandate. Additionally, plaintiffs argue that the issue of whether or not their claims seek assets of the Receivership Estate and, therefore, are enjoined by the Receivership Order does not constitute a substantial question of federal law establishing federal jurisdiction because the issue would have to be resolved regardless of whether plaintiffs' claims proceed in state or federal court. Plaintiffs point out that there is no statutory provision providing for the removal of claims "related to" a Receivership proceeding. Finally, plaintiffs argue that defendants raise the injunctive provision of the Receivership Order as a defense to plaintiffs' claims, which does not support removal based on federal question. See CA 09-323, rec. doc. 17-2, CA 09-226, rec. doc. 39-3.

Defendants respond by arguing that the issue of whether plaintiffs' claims can proceed in light of the existence of a federal receivership and the exclusive jurisdiction of the Receivership Court takes precedence over all other issues and is not a defense to plaintiffs' claims. Defendants argue that plaintiffs' petition raises a substantial issue of federal law, specifically whether plaintiffs' prosecution of this action is in direct violation of the Receivership Order by seeking assets of the Receivership Estate.[9] Defendants analogize the Receivership Litigation to a bankruptcy proceeding and argue that plaintiffs'

---

[9] Specifically, defendants argue that plaintiffs' claims raise a substantial federal issue because they interfere with or implicate the Receivership Order by seeking assets which are alleged to be assets of the Receivership Estate, specifically assets of the individual broker defendants, proceeds of the insurance policies, and damages against Pershing (which is allegedly subject to indemnification by SGC).

claims are so "related" to the issues in the Receivership that they should be removed. See CA 09-226, rec. docs. 21, 24).

**Standard for Removal Based on Federal Question**

Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008).

A civil action may only be removed to federal court if it is founded upon a claim arising under the Constitution or laws of the United States. 28 U.S.C. § 1441(b); 28 U.S.C. § 1331. A case will only "arise" under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983); see also *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674, 680 (5th Cir. 2001). A "substantial federal question" exists "where the vindication of a right under state law necessarily turns on some construction of federal law." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In determining whether a "substantial federal question" exists, the court must consider whether "the state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314, 125

S.ct. 2362, 162 L.Ed. 2d 257 (2005).  It is not enough that a court may have to interpret federal laws or regulations, and a federal court will not have jurisdiction if federal law or preemption is merely a defense to state claims, even if the defense of federal law or preemption is the only issue at stake. *Franchise Tax Bd. of Cal. v. Const. Laborers Vacation Trust for Southern Cal.*, 463 U.S. at 12.

The "well-pleaded complaint" rule "makes the plaintiff the master of the claim," and "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  Accordingly, even where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5ᵗʰ Cir. 1995).  Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. Id.

### Discussion

Defendants carry the burden of proving that federal question jurisdiction exists by showing that plaintiffs' petition establishes either that federal law creates the cause of action or  that plaintiffs' right to relief necessarily depends on a substantial issue of federal law.  While defendants suggest that plaintiffs' claims present a federal question on the face of the petition, they do not cite to a single federal law or regulation referenced by plaintiffs in the petition.  Plaintiffs' petition raises only state law claims:  negligence, breach of contract, negligent representation, breach of fiduciary duty, violations of Louisiana Securities Act, violations of Louisiana Racketeering Act, and civil conspiracy (CA 09-323, rec. doc. 17-4).  Thus, there are no federal issues apparent from the face of plaintiffs'

petition, and defendants do not really deny that plaintiffs have asserted claims under state law.

The primary focus of defendants' arguments, however, center around this litigations' relationship to the Receivership Litigation.  Defendants argue that plaintiffs' prosecution of this action is in direct violation of the Receivership Order and thus requires the court to determine whether the Receivership Court has the authority to enjoin this action, which defendants claim is a substantial issue of federal law.[10]  The question of authority, however, is not really what is at issue.  No one has seriously questioned the authority of the Receivership Court.  The real issue between the parties is more what constitutes "the Receivership Estate" (Receivership property); that is, whether or not the assets of the defendants, which are sought to satisfy plaintiffs' claims, are part of the "Receivership Estate."  Specifically, defendants suggest that plaintiffs' claims against the individual brokers' assets, against the insurance policy proceeds, and against Pershing seek assets of the Receivership Estate.

The plain language of the Receivership Order prohibits suit against "the Receivership Estate, any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of [the Receivership Litigation]" in any jurisdiction other than the Northern District of Texas, unless permission is obtained by the Receivership Court (CA

---

[10] In a related argument, defendants suggest that plaintiffs' claims are "so related" to the Receivership Litigation that they should be removed, similar to related cases in bankruptcy proceedings.  It is notable that the rules governing SEC litigation are different from those governing other areas of the law providing for the appointment of a receiver or trustee to garner assets for the equitable distribution of the creditors/claimants.  For example, in cases involving the Federal Deposit Insurance Corporation (FDIC) or cases that fall within the district court's bankruptcy jurisdiction, there are specific rules *authorizing* the removal of cases to the district court.  See 28 U.S.C. §1452; 12 U.S.C. §1819(b)(2)(B).  In contrast, in cases involving claims brought under the Securities Act of 1933 (such as the claims alleged in the Receivership Litigation), there are rules that *prohibit* removal, unless the case involves class action claims.  See 15 U.S.C. §77v.  No one cited nor could this court find any direct statutory authority specifically authorizing removal of actions "related to" Receivership Litigation.  As with the FDIC and bankruptcy, Congress could easily have enacted such legislation had it wanted to do so, but it did not.

09-226, rec. doc. 24-2, Exhibit A).   Defendant Green's counsel reports that she has discussed this litigation with counsel for the Receiver and was notified that "there should be no other action in this case, by any party, without leave of the Northern District of Texas" (See 09-266, rec. doc. 3, Exhibit 2).[11]   No one contends that these orders do not apply to cases pending in state court, nor does anyone contend that the orders are somehow more applicable in federal court than in state court.   Insofar as the applicability of a stay to any particular litigation, it is not for this court or for the state court to decide, for example, what constitutes an asset of the "Receivership Estate."   Those decisions are made by the Receivership Court and are binding on the parties and on state and federal courts alike.   The Receiver and the Receivership Court's power to protect and marshal assets would be severely diminished if every court in the nation, state or federal, could make its own determination of what constitutes an asset of the  "Receivership Estate."

Although plaintiffs take the position that they are not seeking assets of the Receivership Estate, once they were notified of the Receiver's position that their claims did indeed seek assets of the Receivership Estate, plaintiffs agreed to meet with the Receiver to discuss how their claims affect the Receiver's duties and work on an amicable solution to the Receiver's concerns (CA 09-226, rec. doc. 39-3).   It is well-known that currently in the Receivership Court, the parties are litigating issues over what constitutes receivership

---

[11]  In further support of their argument that removal is proper because the Receivership Court has exclusive jurisdiction, defendants cite to a letter from the Receiver's counsel wherein he stresses the exclusive jurisdiction of the Receivership Court and the Receiver's ability to enjoin certain actions that interfere with the Receivership Litigation (CA 09-226, rec. doc. 24-2).  The Receiver's counsel points to the court's decision to stay the matter of *Dearmond v. Securities and Exchange Commission*, CA 09-645 (S.D. Tex.), as an example of the exclusive jurisdiction of the Receivership Court.  *Dearmond* involved a suit originally filed in federal court against multiple defendants, including the Securities and Exchange Commission and Receiver, based on state law and the First and Fourteenth Amendments of the U.S. Constitution.   The court in *Dearmond* had original federal question jurisdiction and, therefore, did not need to address the issue of removal jurisdiction.   The *Dearmond* court's decision to stay litigation pending action by the Receivership Court does not support removal of this action.

property, including issues over whether the financial advisors' assets/commissions should be frozen and eventually returned to the Receivership Estate and whether the errors and omissions insurance policy covers claims against the individual Stanford Group advisors and officers.  The Receivership Court's decision on these issues will affect the viability of plaintiffs' claims in this case against the assets of the individual financial advisors and for coverage under the insurance policies.   As stated earlier, it is not for this court or the state court to decide what constitutes Receivership property.  Those battles are fought in the Receivership court and apply to the litigants in whatever forum they find themselves.  The scope of the stay is thus equally applicable to plaintiffs whether the action is pending in state or federal court.

Defendants, therefore, have failed to prove their burden of establishing federal question jurisdiction, and this matter should be remanded to state court.  Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (CA 09-323, rec. doc. 17) should be **GRANTED** and this matter remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on August 27, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

-10-

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JOSEPH BECKER, ET AL.                    CIVIL ACTION No. 09-226-JJB-DLD

VERSUS

JASON GREEN, ET AL.

### - CONSOLIDATED WITH-

MILFORD WAMPOLD, III, ET AL.             CIVIL ACTION NO. 09-323-JJB-DLD

VERSUS

PERSHING, INC., ET AL.

### -CONSOLIDATED WITH-

RODNEY STARKEY, ET AL.                   CIVIL ACTION NO. 09-365-JJB-DLD

VERSUS

KENDALL FORBES, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 27, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**