UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH BECKER, ET AL. | CIVIL ACTION No. 09-226-JJB-DLD |
| VERSUS | |
| JASON GREEN, ET AL. | |

- CONSOLIDATED WITH -

| | |
|---|---|
| MILFORD WAMPOLD, III, ET AL. | CIVIL ACTION NO. 09-323-JJB-DLD |
| VERSUS | |
| PERSHING, INC., ET AL. | |

-CONSOLIDATED WITH-

| | |
|---|---|
| RODNEY STARKEY, ET AL. | CIVIL ACTION NO. 09-365-JJB-DLD |
| VERSUS | |
| KENDALL FORBES, ET AL. | |

**RULING**

The Court has carefully considered the petitions, the record, the law applicable to these actions, and the Reports and Recommendations of United States Magistrate Judge Docia L. Dalby, dated August 27, 2009 (docs. 57, 58 & 59). Defendants filed objections (docs. 65 & 66). The Wampold plaintiffs filed a reply (doc. 67). The Court has considered all of these filings in conducting a de novo review of the record. There is no need for oral argument.

19th JDC

Defendants claim that the magistrate judge erred in applying the *Grable* standard for federal question jurisdiction.[1] Defendants claim that the federal issues involved here, namely the scope of the receivership court's equitable powers and jurisdiction, are so substantial that federal jurisdiction is warranted. Defendants cite case law supporting the importance of federal receiverships. However, defendants do not cite any statutory authority or case law conferring federal jurisdiction or countering the idea that state courts can enforce the receivership court's stay as well as federal courts.[2]

The magistrate judge points out that the authority of the receivership court to enjoin state actions is not in question. Defendant's argument is further mooted by the fact that plaintiffs' counsel stipulated to the stay pending resolution of the receivership property in the receivership court. Additionally, the Court finds plaintiffs' argument for a narrow reading of *Grable* persuasive.[3] Therefore, the Court finds that the magistrate's application of the *Grable* principles is correct.[4]

Defendants also claim that remanding this action will invite abuse because it may complicate the receivership court's ability to enforce the receivership

---

[1] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (U.S. 2005).

[2] Defendants cite several cases describing the broad power of district courts to appoint receivers, the essential functions of receiver courts, and tests for courts to apply when analyzing whether stays issued by receiver courts should be lifted. However, this Court could find no reference in these cases to the need for federal jurisdiction to protect these principles. On the contrary, at least one court did not exercise jurisdiction even where issues surrounding federally appointed receivers were present in state claims. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 487-88 (S.D.N.Y. 2008) (describing the presence of federally appointed receivers in breach of contract claims without necessarily invoking federal jurisdiction).

[3] *See* Wampold Pls.' Mem. Resp. Def's Opp'n to R&R (doc. 67) 4-5 (arguing that extending *Grable*'s jurisdictional reach in this instance is improper because the federal receivership order affects only the timing of plaintiffs' claims, not their substance).

[4] *See Grable & Sons Metal Products, Inc.*, 545 U.S. at 314 (stating that presence of a federal issue is not "a password opening federal courts to any state action embracing a point of federal law.").

order. However, as discussed above, nothing in the record indicates an unwillingness of the state court to enforce the receivership court's order. The Court accepts the representations of counsel that all state actions are stayed pending resolution of the receivership estate issues.

The court hereby approves the reports and recommendations of the magistrate judge and adopts them as the court's opinion herein. Accordingly, the Plaintiffs' Motions to Remand are GRANTED and this matter is REMANDED to the 19th Judicial District for the Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Baton Rouge, Louisiana, this 14th day of September, 2009.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE